ROCAFORT, DEMANDANTE Y APELADO, *v.* CANTERO ET AL., DEMANDADOS Y APELANTES.

APELACIÓN procedente de la Corte de Distrito de San Juan, Sección Segunda, en pleito sobre cobro de dinero por virtud de contrato.

No. 2791.—Resuelto en febrero 15, 1923.

OBLIGACIONES—PAGO—INTERESES.—El deudor que desea impedir la acumulación de intereses debe consignar el montante de su deuda en la corte, aun cuando ésta, con motivo de embargo trabado en pleito distinto, haya ordenado la retención de dicho montante por el deudor, pues tal orden no da a éste el carácter de un depositario no obligado al pago de intereses.

Los hechos están expresados en la opinión.

Abogado de los apelantes: *Sr. J. Martínez Dávila.*

Abogado del apelado: *Sr. Juan de Guzmán Benítez.*

EL JUEZ ASOCIADO SR. WOLF, emitió la opinión del tribunal.

Primitivo Rocafort obtuvo sentencia contra dos demandados por la suma de $2,000 con intereses sobre dicha can-

tidad a razón del 10 por ciento anual, a contar del día 11 de mayo, 1917. La única parte de la sentencia que ha sido apelada es la que se refiere a los intereses toda vez que los demandados y apelantes alegan que en mayo, 1917, y en un procedimiento de embargo seguido contra su acreedor Rocafort, se les ordenó que no verificaran el pago del capital o ninguna parte del mismo sino que retuvieran toda la suma en su custodia hasta nueva orden de la corte. Los apelantes insisten en que no deben ser condenados al pago de los intereses cuando se encontraban cumpliendo con una orden de una corte competente en que se disponía que no se hiciera el pago. El apelado Rocafort fué demandado habiéndose expedido embargo contra sus deudores. Después él ganó el pleito y no fué por su culpa que no pudo cobrar su crédito de los actuales apelantes.

A pesar de la orden de la corte si los apelantes hubieran querido impedir la acumulación de intereses, el camino lo tenían abierto para ese fin. Ellos pudieron haber hecho la consignación del dinero en la corte por virtud de las disposiciones del Código Civil, artículos 1144 y siguientes. Si los apelantes tenían duda con respecto a cualquier particular en relación con sus deberes ellos pudieron haber solicitado de la corte que les permitiera verificar la consignación del dinero. Según sucedió ellos obtuvieron el dinero de Rocafort y lo conservaron en su poder a través de los años. Recibieron todo el beneficio del préstamo y uso del dinero. De igual manera en los Estados Unidos para impedir la acumulación de intereses debe verificarse el pago en la corte. 22 Cyc. 1559.

Podemos decir incidentalmente que no consta que los apelantes quedaran convertidos en depositarios del dinero pero que a la firma principal de quien eran fiadores in sólido se le ordenó que no pagara. Ni siquiera se hizo depositaria a esa firma. Por tanto el artículo 1672 del Código Civil relativo al depósito en dinero no es de aplicación. No se depositó ningún dinero con los apelantes.

El artículo 1124 del Código Civil prescribe que las obligaciones se extinguen por el pago, etc., y los apelantes no se han colocado dentro de ninguna prescripción del referido artículo.

Debe confirmarse la sentencia apelada.

*Confirmada la sentencia apelada.*

Jueces concurrentes: Sres. Presidente del Toro y Asociados Aldrey, Hutchison y Franco Soto.